IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
BALTIMORE DIVISION

| | |
|---|---|
| **U.S. Equal Employment Opportunity Commission,** <br> George H. Fallon Federal Building <br> 31 Hopkins Plaza, Suite 1432 <br> Baltimore, MD  21201 <br><br> **Plaintiff,** <br><br> v. <br><br> **Lyneer Staffing Solutions, LLC** <br> 7698 Belair Road Suite #102 <br> Nottingham (Baltimore County) <br> MD 21211 <br><br><br> **Defendant.** | Civil Action No. <br><br><br><br><br><br> **COMPLAINT** <br><br><br> **JURY TRIAL DEMAND** |

## NATURE OF THE ACTION

This is an action under Titles I of the Americans with Disabilities Act ("the ADA") of 1990, as amended through the ADA Amendments Act of 2008, and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices and to provide appropriate relief to Tashiana J. Green Jones, who was adversely affected by such practices. As alleged with greater particularity below, the United States Equal Employment Opportunity Commission ("the EEOC" or the "Commission") alleges that Lyneer Staffing Solutions, LLC ("Defendant") unlawfully discriminated against Green Jones, a qualified individual with a disability, by failing to hire or refer her because of her disability.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Sections 107(a) and 503(c) of the ADA, 42 U.S.C. § 12117(a) which incorporates by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-5(f)(1),(3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981A.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Maryland.

## PARTIES

3. Plaintiff, the United States Equal Employment Opportunity Commission, is an agency of the United States of America charged with the administration, interpretation, and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) of Title VII, 42 U.S.C. § 2000e-5(f)(1).

4. At all relevant times, Defendant has continuously been a corporation doing business and operating within Baltimore County in the State of Maryland with at least fifteen (15) employees. It is a staffing agency which regularly undertakes to procure employees for employers.

5. At all relevant times, Defendant has continuously been an employment agency engaged in an industry affecting commerce within the meaning of Section 101(5) of the ADA, 42 U.S.C. § 12111(2), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(c) and (h) of Title VII, 42 U.S.C. § 2000e(c),(h).

6. At all relevant times, Defendant has been a covered entity within the meaning of Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## STATEMENT OF CLAIMS

7. More than 30 days prior to the institution of this lawsuit, Green Jones filed a charge with the Commission alleging violations of the ADA by Defendant.

8. On July 8, 2022, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that Defendant violated the ADA and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the discriminatory practices and provide appropriate relief.

9. The Commission engaged in communications with Defendant to provide Defendant the opportunity to remedy the discriminatory practices described in the Letter of Determination.

10. The Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

11. On August 25, 2022, the Commission issued to Defendant a Notice of Failure of Conciliation.

12. All conditions precedent to the initiation of this lawsuit have been fulfilled.

13. Green Jones is disabled as defined in 42 U.S.C. §12102.

    a. She is profoundly deaf and is substantially limited in the major life activities of hearing and speaking.

    b. Green Jones' primary form of communication is American Sign Language (ASL).

14. Since at least November 2021 Defendant has engaged in unlawful employment practices in violation of Section 102(a) of the ADA, 42 U.S.C. § 12112(a). These practices include failing to hire or refer Green Jones based on her disability.

    a. Green Jones applied in person through Defendant for a warehouse position with Whitebox, an e-commerce retailer, in or around November 2021.

      b.      Defendant's representative forwarded Green Jones' application to Whitebox and informed Whitebox that Green Jones was deaf.

      c.      On or around November 12, 2021 Whitebox accepted Green Jones as an employee and assigned her to start on or around November 16, 2021.

      d.      On or around November 13, 2021 Whitebox informed Defendant that it was overstaffed for November 16, 2021 and gave Green Jones and several other employees the option of starting on or around November 23, 2021.

      e.      Jones accepted the opportunity and was prepared to start on or around November 23, 2021.

      f.      On or around November 15, 2021 a manager at Defendant's Nottingham, Maryland location instructed her subordinate not to place Green Jones at Whitebox because she is deaf.

      g.      On or around November 22, 2021 Defendant's manager advised Whitebox that she had cancelled Green Jones placement because Green Jones is deaf.

      h.      As of the time Defendant determined that it would not place Green Jones with Whitebox, it ceased communications with her.

      i.      On or around November 22, 2021 Green Jones contacted Defendant's Nottingham, Maryland office to confirm that she was to start work the following day. Defendant did not respond.

      j.      On or around November 30, 2021 Green Jones, still having heard nothing from Defendant, again contacted Defendant's representative via text.

      k.     Defendant's representative finally responded, stating that they did not have sign language interpreters and therefore could not place her.

15.    The effect of the practices complained of above in Paragraph 14 has been to deprive Green Jones, who was at all times qualified, of equal employment opportunities and otherwise adversely affect her rights under the ADA resulting in expenses incurred due to lost wages, emotional pain, suffering, inconvenience, mental anguish, embarrassment, frustration, humiliation, and loss of enjoyment of life.

16.    The unlawful employment practices complained of above were intentional.

17.    The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Green Jones.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.    Grant a permanent injunction enjoining Defendant, its officers, successors, assigns and all persons in active concert or participation with them, from engaging in any employment practice that discriminates on the basis of disability;

B.    Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in reprisal or retaliation against any person who engages in protected activity under the ADA;

C.    Order Defendant to institute and carry out policies, practices, and programs that provide equal employment opportunities for qualified individuals with disabilities, which prevent retaliation against persons who have engaged in protected activities under the ADA, and eradicate the effects of its

past and present unlawful employment practices, and prevent disability discrimination from occurring in the future;

  D. Order Defendant to implement non-discriminatory objectives, written policies and practices regarding the terms and conditions of employment and sign and conspicuously post, for a designated period of time, a notice to all employees that sets forth the remedial action required by the Court and informs all employees that Defendant will not discriminate against any employee because of disability, including that they will comply with all aspects of the ADA and that they will not take any action against employees because they have exercised their rights under the statute;

  E. Order Defendant to make Green Jones whole by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including a proper placement or front pay in lieu thereof;

  F. Order Defendant to make Green Jones whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph 14 above;

  G. Order Defendant to make Green Jones whole by providing compensation for past and future non-pecuniary losses including emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, embarrassment, frustration, and humiliation, in an amount to be proven at trial;

  H. Order Defendant to pay Green Jones punitive damages for its callous indifference to her federally protected right to be free from discrimination based on disability;

  I. Order Defendant to sign and conspicuously post, for a designated period of time, a notice to all employees that sets forth the remedial action required by the Court and inform all employees that it

will not discriminate against any employee because of a disability, including that it will comply with all aspects of the ADA;

    J.    Grant such further relief as the Court deems necessary and proper in the public interest; and

    K.    Award the Commission its costs in this action.

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,

GWENDOLYN YOUNG REAMS
Acting General Counsel

DEBRA M. LAWRENCE
Regional Attorney

_____/s/_____
ERIC S. THOMPSON
Senior Trial Attorney

UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Baltimore Field Office
George H. Fallon Federal Building
31 Hopkins Plaza, Suite 1432
Baltimore, MD  21201
Eric.Thompson@EEOC.GOV
Phone: 410.801.6696
Fax: 410.962.4270