**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Baltimore Division**

| | |
|---|---|
| **U.S. Equal Employment Opportunity Commission** )<br>)<br>)<br>**Plaintiff,** )<br>)<br>**v.** )<br>)<br>**Lyneer Staffing Solutions, LLC** )<br>)<br>**Defendant.** )<br>_____) | **Case No.: 1:22-cv-02454-ELH** |

## ANSWER AND GROUNDS OF DEFENSE

Defendant Lyneer Staffing Solutions, LLC ("Lyneer" or "Defendant"), by counsel, submits its Answer and Grounds of Defense to the Complaint (ECF No. 1) filed by Plaintiff the U.S. Equal Employment Opportunity Commission ("EEOC" or "Plaintiff") as follows:

### NATURE OF THE ACTION

Defendant denies any statement, insinuation, or implication that states or suggests it engaged in unlawful discrimination against Tashiana J. Green-Jones ("Ms. Green-Jones"), as set forth in Plaintiff's unnumbered paragraph which purports to describe the nature of the action.

### JURISDICTION AND VENUE

1. The allegations of Paragraph 1 of Plaintiff's Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendant does not contest the Court's jurisdiction.

2. Admitted.

### PARTIES

3. Defendant admits that Plaintiff is an agency of the United States of America

charged with the administration, interpretation, and enforcement of Title I of the ADA. Defendant denies the remaining allegations in Paragraph 3.

4. The allegations of Paragraph 4 of Plaintiff's Complaint state legal conclusions to which no response is required. To the extent a response is required, admitted.

5. The allegations of Paragraph 5 of Plaintiff's Complaint state legal conclusions to which no response is required. To the extent a response is required, admitted.

6. The allegations of Paragraph 6 of Plaintiff's Complaint state legal conclusions to which no response is required. To the extent a response is required, admitted.

## STATEMENT OF CLAIMS

7. Admitted.

8. Defendant admits that Plaintiff issued a Letter of Determination on July 8, 2022 and invited Defendant to join the EEOC in informal methods of conciliation. Defendant denies that there was reasonable cause to believe that it violated the ADA or engaged in any discriminatory practices.

9. Defendant admits that Plaintiff engaged in some communications with Defendant in an attempt to reach a resolution regarding purported allegations of discrimination. Defendant denies the remaining allegation in Paragraph 9.

10. Defendant admits that it did not enter into a final conciliation agreement with Plaintiff. Defendant denies the remaining allegation in Paragraph 10.

11. Admitted.

12. The allegations of Paragraph 12 of Plaintiff's Complaint state legal conclusions to which no response is required. To the extent a response is required, admitted.

13. The allegations of Paragraph 13 of Plaintiff's Complaint state legal conclusions to

which no response is required.  To the extent a response is required, admitted, including subparts (a) and (b).

    14.    Defendant denies the allegations in Paragraph 14.

        a.    Admitted.

        b.    Admitted.

        c.    Admitted.

        d.    Admitted.

        e.    Admitted.

        f.    Denied.

        g.    Denied.

        h.    Denied.

        i.    Denied.

        j.    Denied as phrased.

        k.    Denied as phrased.

    15.    Denied.

    16.    Denied.

    17.    Denied.

### **PRAYER FOR RELIEF**

Defendant denies all remaining allegations contained in the Complaint and every cause of action contained therein and demands strict proof thereof.  Defendant further denies that Ms. Green-Jones was damaged or injured in any sum or sums, or at all, by the alleged acts, omissions or conduct of Defendant or that Plaintiff is otherwise entitled to any relief.

## **GROUNDS OF DEFENSE**

By pleading the following as defenses or affirmative defenses, Defendant does not concede that each of the matters covered by the numbered defenses is to be proven by Defendant, and Defendant reserves its position that Plaintiff bears the burden of proof on all matters necessary to state the claims asserted in the Complaint and to establish their alleged damages.

Defendant alleges, avers, and affirmatively pleads as follows:

1. Defendant denies all allegations unless expressly admitted in this Answer and Grounds of Defense.

2. Plaintiff is not entitled, on the law or the facts, to the damages claimed or to the relief requested.

3. Plaintiff and Ms. Green-Jones' alleged damages, if any, were caused by conduct or conditions over which Defendant had no control.

4. If supported in discovery, Defendant will maintain that Ms. Green-Jones failed to make reasonable efforts to mitigate her damages.

5. At all times relevant, Defendant acted properly, professionally and without malice towards Ms. Green-Jones such that Defendant is not liable for punitive damages.

6. Defendant was not Ms. Green-Jones' employer as defined in The Americans with Disabilities Act of 1990, as amended by The Americans with Disabilities Amendments Act of 2008.

7. Lyneer and its client, Whitebox, were not joint employers of Ms. Green-Jones.

8. Ms. Green-Jones did not suffer a legally cognizable adverse employment action.

9. Defendant reserves the right to plead and rely upon any additional defense that may become known to it through the course of this litigation, including discovery, trial or otherwise.

WHEREFORE, Defendant requests that the Complaint be dismissed with prejudice, the Plaintiff be denied relief, and that Defendant be awarded its reasonable costs and attorney's fees.

Dated: December 12, 2022      Respectfully submitted,

         /s/ Brian A. Scotti
         Brian A. Scotti, Esq. (Bar No. 18249)
         GORDON REES SCULLY MANSUKHANI, LLP
         1101 King Street, Suite 520
         Alexandria, Virginia 22314
         T: (202) 399-1009
         F: (202) 800-2999
         E: bscotti@grsm.com

         *Counsel for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of December, 2022, the foregoing document was filed with the Clerk of Court and served electronically on the following counsel of record using the CM/ECF system:

Eric S. Thompson
US EEOC
George H. Fallon Federal Building
31 Hopkins Plaza, Suite 1432
Baltimore, MD 21201

*Counsel for Plaintiff*

         /s/ Brian A. Scotti
         Brian A. Scotti