UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
BALTIMORE DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>Lyneer Staffing Solutions, LLC,<br><br>Defendant. | Civil Action No. 22-cv-02454-ELH |

## CONSENT DECREE

This action was instituted by Plaintiff, Equal Employment Opportunity Commission (the "EEOC" or the "Commission"), against Defendant Lyneer Staffing Solutions LLC, ("Defendant" or "Lyneer") alleging that Defendant unlawfully discriminated against Tashiana Green-Jones by failing to hire her, in violation of Sections 102(a) and (b) of the Americans with Disabilities Act ("the ADA") of 1990, as amended through the ADA Amendments of 2008, 42 U.S.C. § 12112(a). The parties desire to resolve the Commission's action without the time and expense of continued litigation, and they desire to formulate a plan to be embodied in a Decree which will promote and effectuate the purposes of the ADA.

The Court has examined this Decree and finds that it is reasonable and just and in accordance with the Federal Rules of Civil Procedure and the ADA. Therefore, upon due consideration of the record herein and being fully advised in the premises, it is ORDERED, ADJUDGED AND DECREED:

Scope of Decree

1

1. This Decree resolves all issues and claims in the Complaint filed by the Commission in this ADA action which emanated from the Charge of Discrimination filed by Tashiana Green-Jones. This Decree in no way affects the Commission's right to process any other pending or future charges that may be filed against Defendant and to commence civil actions on any such charges as the Commission sees fit.

2. This Decree shall be in effect for a period of two years from the date it is entered by the Court. During that time, this Court shall retain jurisdiction over this matter and the parties for purposes of enforcing compliance with the Decree, including issuing such orders as may be required to effectuate the purposes of the Decree.

3. This Decree, being entered with the consent of Plaintiff and Defendant, shall not constitute an adjudication or finding on the merits of the case.

## Monetary Relief

4. Within tweny business days of entry of this Decree, Defendant shall pay monetary relief in the total amount of $119,400 representing $20,400 in back pay and $99,000 in compensatory damages owed to Tashiana Green-Jones. Defendant shall administer proper withholdings from the back pay portion for taxes and required employee contributions for FICA and Medicare. Defendant's required employer contributions for FICA and Medicare are separate from, and shall not be deducted from, the portion of the payment representing compensatory damages. The checks will be sent directly to Green-Jones, and a photocopy of the checks and related correspondence will be emailed to the EEOC Senior Trial Attorney Eric S. Thompson at Eric.Thompson@EEOC.GOV. Defendant will issue to Green-Jones a 2023 United States Internal Revenue Services Form W-2 for the back pay and a Form 1099 for the compensatory damages amounts paid to her.

## Injunctive Relief

5. Defendant, its officers, agents, servants, employees, successors, and all persons acting or claiming to act on its behalf and interest hereby are enjoined from failing to hire or refer applicants based on disability and violating the provisions of the ADA, and related regulations, including the following provisions:

> No covered entity shall discriminate against a qualified individual on the basis of disability in regard to job application procedures [and] the hiring . . . of employees . . . and other terms, conditions, and privileges of employment.

42 U.S.C. § 12112(a).

## Written ADA Policies & Procedures

6. Within 30 days of the entry of this Decree, Defendant will implement and maintain written policies which address the prohibition of disability discrimination under the Americans with Disabilities Act. The written policies shall address Defendant's duty to hire or refer applicants with disabilities.

7. To facilitate hiring and referring deaf applicants, the policy required by Paragraph 6, above, shall also include a provision that any deaf individual seeking work through Defendant or applying for work with Defendant as an internal employee shall promptly be provided with a sign language interpreter either in person or through a video connection. Sign language interpretation may be provided through a contractor through remote or electronic means when such measures will not compromise the quality of the communication. Sign language interpretation shall be provided for all communications regarding job opportunities including questions about the application; the job duties; compensation including benefits, hours, company policies, career path and opportunities for advancement; other potential positions with the Defendant and the client; reasonable accommodations; and safety issues. Further, sign language interpretation shall be used

to request materials, screening, testing and documentation from the applicant; to conduct job interviews; follow-up communications after the interview; offers of employment; and all other job opportunity related communication provided to hearing job seekers. The policy shall also state that Defendant or its client will engage in an interactive process to provide a reasonable accommodation for qualified applicants who are accepted and begin work.

8. Defendant will distribute a copy of the written policies and procedures described in paragraphs 6 and 7 above to all of its employees within 30 days of the entry of this Decree, and shall distribute a copy of the written policies and procedures to all deaf applicants for internal or external positions once they identify as deaf or exhibit an inability to hear human speech.

### ADA Training

9. Within two months from the entry of this Decree, and every year thereafter for the duration of this Decree, Defendant will provide all supervisors or managers and all individuals with human resources responsibilities with no fewer than four hours of live training on federal employment discrimination laws with emphasis on the requirements and prohibitions of the ADA. The training will be conducted by an outside organization or law firm approved by the EEOC and shall cover all areas of prohibited ADA discrimination, but will include a special emphasis on reasonable accommodation and the duty to engage in an interactive process. The training will also address the provision of a sign language interpreter as a reasonable accommodation, emphasizing limitations faced by deaf employees in communicating through written English. The training will also include a component on outside resources which should be consulted in considering reasonable accommodations, including but not limited to the Equal Employment Opportunity Commission, the Job Accommodation Network (a service of the Office of Disability

Employment Policy of the U.S. Department of Labor), and the Disability and Business Technical Assistance Centers. Defendant will maintain attendance records identifying the name and job title of the attendees at each session. Within five days of the training, Defendant will forward to EEOC a copy of the attendance records from the training session.

10. Within two months from the entry of this Decree and within five days of the date of hire or promotion of individuals to management or supervisory positions Defendant shall provide such personnel with ADA training. The training will be conducted live or in DVD/Video format. The content of the training shall be the same as that set forth in paragraphs 6 and 7. Defendant will maintain records identifying the name and job title of the employees receiving such training, the date of commencement of each such employee's managerial or supervisory position, and date of training. Every six months, for the duration of this Decree, Defendant will forward to EEOC a copy of the records regarding such training.

## Notice and Postings

11. Within ten business days of entry of this Decree, Defendant will post and cause to remain posted the posters required to be displayed in the workplace by Commission Regulations, 29 C.F.R. § 1601.30, in all places where notices to employees customarily are posted.

12. Within ten business days of entry of this Decree, Defendant will post in all places where notices to employees customarily are posted Exhibit A ("Notice to Employees"). This Exhibit shall be posted and maintained for the duration of the Decree and shall also be signed by Defendant's CEO with the date of actual posting shown thereon. Should the Exhibits become defaced, marred, or otherwise made unreadable, Defendant will ensure that new readable copies of the Exhibits are posted in the same manner as heretofore specified. Within 30 days of approval of this Decree, Defendant shall forward to the Commission's Baltimore Field Office a copy of the

signed Notice (Exhibit A) and written certification that all Exhibits have been posted and a statement of the location(s) and date of posting.

## Monitoring Provisions

13. On a yearly basis, Defendant will prepare and submit to the Commission a list of all individuals who have complained (internally or externally) of or reported any discrimination in employment at the Maryland offices on the basis of disability during that year. This list will include each individual's name; home address; working telephone number; nature of the individual's complaint; name of individual who received the complaint or report; date complaint or report was received; description of Defendant's actions taken in response to the complaint or report, including the name of each manager or supervisor involved in those actions. If no individuals have complained of or reported any discrimination in employment on the basis of disability during that quarter, Defendant will so inform the Commission's Baltimore Field Office.

14. In addition to the monitoring provisions set forth elsewhere in this Decree, EEOC may monitor compliance during the duration of this Decree by inspection of Defendant's premises, records, and interviews with employees at reasonable times. Upon five days' notice by the EEOC, Defendant will make available for inspection and copying any records requested by EEOC, facilities sought to be inspected by EEOC, and employees sought to be interviewed by EEOC.

15. All materials required by this Decree to be sent to EEOC shall be addressed to:

> Equal Employment Opportunity Commission
> Baltimore Field Office
> Attention: Eric S. Thompson, Senior Trial Attorney
> 31 Hopkins Plaza, Suite 1432
> Baltimore, Maryland 21201
> Eric.Thompson@EEOC.GOV

16. The Commission and Defendant shall bear its own costs and attorneys' fees.

17. The undersigned counsel of record in the above-captioned action hereby consent, on behalf of its respective clients, to the entry of the foregoing Consent Decree.

FOR DEFENDANTS:

/S/ Debra M. Lawrence

_____
Debra M. Lawrence
Regional Attorney


/S/ Eric S. Thompson

_____
Eric S. Thompson
U.S. EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
George H. Fallon Federal Building
31 Hopkins Plaza, Suite 1432
Baltimore, MD 21201
(410) 801-6696
Eric.Thompson@eeoc.gov

FOR ~~PLAINTIFF~~ *Defendant*

_____
Brian A. Scotti
Gordon Rees Scully Mansukhani
101 King Street, Suite 520
Alexandria, VA 22314
202-372-9078
bscotti@grsm.com

**SO ORDERED.**

Signed and entered this ___ day of _____, 2023.


_____
Ellen Lipton Hollander
United States District Judge

Appendix A



# NOTICE TO EMPLOYEES POSTED PURSUANT TO A CONSENT DECREE BETWEEN THE EQUAL EMPLOYMENT OPPORTUNITY COMMISSION AND LYNEER STAFFING SOLUTIONS, LLC

The Americans with Disabilities Act ("the ADA") makes it unlawful for an employer to discriminate against any qualified individual because of a disability. This includes discrimination in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment. Under the ADA, the term "discriminate" includes not hiring or referring individuals with disabilities and not making reasonable accommodations for qualified applicants and employees.

The term "reasonable accommodation" may include: providing qualified readers or interpreters including American Sign Language Interpreters; making existing facilities used by employees readily accessible to and usable by individuals with disabilities; job restructuring, part-time or modified work schedules; reassignment to a vacant position; acquisition or modification of equipment or devices; appropriate adjustment or modifications of examination, training materials or policies; and other similar accommodations for individuals with disabilities.

Therefore, in accordance with the applicable law:

LYNEER STAFFING SOLUTIONS, LLC WILL NOT fail to hire or refer qualified individuals with disabilities; deny reasonable accommodations to individuals with disabilities; nor otherwise violate the ADA.

As always, employees or job applicants should feel free to report instances of discriminatory treatment to a supervisor, a manager, or Human Resources [INSERT NUMBER] at any time. LYNEER STAFFING SOLUTIONS, LLC has established policies and procedures to promptly investigate any such reports and to protect the person making the reports from retaliation, including retaliation by the person allegedly guilty of the discrimination.

Individuals are also free to make complaints of employment discrimination directly to the EEOC at publicportal.eeoc.gov/Portal/Login.aspx. General information may also be obtained on the Internet at www.eeoc.gov.

_____
LYNEER STAFFING SOLUTIONS, LLC
Date Posted: